

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA, §
§
VS. § NO. 4:12-CV-850-A
§ (No. 4:10-CR-073-A-1)
JUAN JOSE OROPEZA §
§

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Juan Jose Oropeza, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Movant also included with the motion a supporting memorandum. The government filed a response, and movant filed a traverse. Having now considered all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

Movant pleaded guilty, without a plea agreement, to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. On September 10, 2010, movant was sentenced to 480 months imprisonment, which was at the top of the guideline range and was the statutory maximum, and a four-year term of

supervised release. His appeal was dismissed by the Fifth Circuit after his attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that movant's appeal presented no nonfrivolous issue for review. <u>United States v. Oropeza</u>, No. 10-10971, 2011 U.S. App. LEXIS 17961 (5th Cir. Aug. 26, 2011). Certiorari review was denied, <u>Oropeza v. United States</u>, 132 S. Ct. 793 (Nov. 28, 2011), and Oropeza timely filed his motion under § 2255 on November 26, 2012.

II.

<u>Grounds of the Motion</u>

Movant asserts five grounds for relief. First, movant alleges that the court erred in imposing a four-level increase pursuant to United States Sentencing Guidelines ("USSG") §3B1.1(a) for movant's role as an organizer or leader of criminal activity, and that counsel was deficient "for failing to properly convey" certain facts to the court in movant's defense. Mot. at 3; memo. at 24. Second, movant claims that his sentence was improperly enhanced under USSG § 2D1.1(b)(4), and counsel was ineffective for failing to object to "this misapplication of the sentencing guidelines." Mot. at 4; memo. at 26. Third, movant contends that his sentence was miscalculated because his base offense level should have been lower, and appellate counsel was

2

ineffective for failing to raise the issue. Mot. at 5-6. Fourth, movant alleges that counsel was ineffective for failing to object to the court's failure to rule on movant's motion for a downward departure. Mot. at 6-7. Fifth, movant faults the court for failing to rule on his motion for a downward departure. Mot. at 7.

III.

Analysis

A. Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal

3

but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

B. Applicable Legal Standards

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, to show prejudice requires movant to show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Strickland, 466 U.S. at 687, 697. "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having

4

produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential, "requires that every effort be made to eliminate the distorting effects of hindsight," and requires movant to overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

C. None of Movant's Grounds Has Merit

    1. First Ground for Relief

Movant first claims that the court erred in imposing a four-level increase under USSG § 3B1.1 for being a leader or organizer of his drug trafficking organization, and that counsel was ineffective for failing to object to the increase. To the extent movant challenges the court's application of the sentencing guidelines, such a challenge is not cognizable on collateral review. See United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994). As far as movant's contention that counsel was ineffective for failing to object to the increase, his contention fails, as an objection would have lacked merit and could not have

been prejudicial.

Under USSG § 3B1.1, a defendant's offense level may be increased by four levels if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). The court should consider the following factors in determining whether the four-level increase should be applied:

> [T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.

USSG § 3B1.1. cmt. n.4.

Movant argues that the four-level increase was in error because he was only convicted with four other co-conspirators, he was taking orders from other leaders, and "the court should not look beyond the transaction underlying the offense of conviction in calculating the number of persons led by the defendant." Memo. at 19-20. However, considering the plain language of § 3B1.1 and the factors outlined in the commentary, it is clear that the four-level increase was correctly applied in movant's

case. Movant was the leader of a large-scale drug trafficking organization. The organization had several vehicles specially equipped for transporting drugs and money to different parts of Texas and to Mexico, and movant hired various young women to drive the vehicles, with drugs and money, to various locations. Movant coordinated the shipments of cocaine and methamphetamine for the organization, hiring others to assist him in distributing large quantities of drugs, using the above-described vehicles, and using various locations as stash houses.

Movant's arguments that he should not be considered a leader or organizer are unavailing and meritless. Movant argues that he took orders from leaders and organizers in Mexico, and therefore could not be the leader or organizer, but this argument ignores that fact that "[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal organization or conspiracy." USSG §3 B1.1, cmt. n.4. Movant then argues that because he was convicted with only four co-conspirators, he could not have been directing five or more participants. This argument fails, as movant was among a group of five convicted co-conspirators, movant clearly was a leader and organizer of more than those five conspirators, and the language of § 3B1.1(a) directs the increase to be applied to organizers of criminal

activity that involved five or more participants "or was otherwise extensive." Finally, movant contends that the court cannot look beyond his offense of conviction "in calculating the number of persons led by the defendant." Memo. at 20. However, it is well-settled that the court "is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Thus, movant has failed to advance any meritorious basis on which his attorney could have objected, and his attorney could not have been ineffective for failing to object. See Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness.").

2. Second Ground for Relief

Movant next argues that his sentence was improperly enhanced by two levels under USSG § 2D1.1(b)(4), and that counsel was ineffective for failing to object to the enhancement. As with movant's first ground, only the ineffective assistance of counsel claim is cognizable on collateral review, and movant fails to establish that counsel was ineffective. Section 2D1.1(b)(4)

8

provides:

> If (A) the offense involved the importation of amphetamine or methamphetamine or the manufacture of amphetamine or methamphetamine from listed chemicals that the defendant knew were imported unlawfully, and (B) the defendant is not subject to an adjustment under § 3B1.2 (Mitigating Role), increase by 2 levels.

Clearly, movant's offense involved the importation of methamphetamine, defendant knew the methamphetamine was imported unlawfully, and defendant would not have been eligible for a mitigating role under § 3B1.1.

Movant argues that because he was charged with and convicted of conspiracy with intent to distribute cocaine, not methamphetamine, the court should not have considered the methamphetamine in calculating movant's sentence. But, movant's involvement with the trafficking of methamphetamine was relevant conduct, and the court may consider such relevant conduct in determining the proper guidelines calculation. United States v. Rhine, 583 F.3d 878, 885 (5th Cir. 2009) (explaining that "[t]he defendant need not have been convicted of, or even charged with, the other offenses for them to be considered relevant conduct for sentencing purposes," and, in drug distribution cases, the court has "broadly defined" relevant conduct). Movant next appears to incorporate the argument from his first ground, regarding the

four-level leadership enhancement, into his second ground, contending his attorney was ineffective for not objecting to either "misapplication" of the guidelines. This contention is meritless, and must be dismissed.

3. Third Ground for Relief

Movant contends that his base offense level was incorrectly calculated, and faults counsel for failing to object. Movant argues that he should have received a four-level reduction pursuant to USSG § 2D1.1(a)(5); however § 2D1.1(a)(5) applies only if a defendant received an adjustment under § 3B1.2 (Mitigating Role), which movant, as a leader and organizer of a drug trafficking organization, did not receive. Therefore, this ground is meritless.

4. Fourth and Fifth Grounds for Relief

Movant's fourth and fifth grounds focus on essentially the same grievance, that the court erred by failing to explicitly rule on movant's motion for a downward departure, and counsel was deficient for failing to alert the court that it had not ruled on the motion. Even if the court did not explicitly rule on the motion, it did so implicitly by sentencing movant at the top of the guideline range, stating, "Well, considering the defendant's role on the offense conduct, I think a sentence that's at the top

10

of the guideline range is a sentence that's required in order to adequately address his conduct and to accomplish the Court's objectives of punishment, deterrence, and protection of the public." Sentencing Tr. at 12. See <u>United States v. Ruiz-Carmona</u>, 214 F. App'x 483, 484 (5th Cir. 2007). Further, while the court did not specifically announce that the motion for downward departure was denied, it was clear that the court was not inclined to grant such a motion and had determined that a sentence at the top of the guideline range was necessary.

IV.

<u>ORDER</u>

Therefore,

The court ORDERS that the motion of Juan Jose Oropeza to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED February 27, 2013.

JOHN McBRYDE
United States District Judge